IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Raven N. Dineen, | ) | Civil Action No.: 6:16-1549-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| Sprint Corporation, Asurion Protection | ) | |
| Services, LLC, and Apple, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

Plaintiff Raven N. Dineen, ("Plaintiff"), brings this products liability action against Defendants alleging claims of strict liability, negligence, and breach of warranty, all arising out of the alleged tortious ignition or explosion of a new or refurbished cellular telephone, manufactured by Defendant Apple, Inc. and provided to Plaintiff through Defendants Sprint Corporation and Asurion Protection Services, LLC, in connection with the processing of an insurance claim. (ECF No. 1-1 at ¶ 6). The matter now comes before the Court on Defendant Asurion's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (ECF No. 7), filed on May 20, 2016. Plaintiff submitted a Response in Opposition, (ECF No. 12), on June 3, 2016, to which Defendant Asurion replied, (ECF No. 19), on June 30, 2016. The Court has carefully considered the pleadings, motions, memoranda and attached exhibits of the parties, and the matter is now ripe for decision.

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of a claim which would entitle him or her to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Wilson v. Benedict College, 2006 WL

2433794, *2 (D.S.C. 2006). In considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the claim in the light most favorable to its proponent. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).

In determining whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the relevant pleading, documents attached as exhibits or incorporated by reference into the pleading, and matters about which the Court may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 (D.C. Cir.1997). It has been stated that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Spear v. Ernst & Young, 1994 WL 585815, 2 (D.S.C. 1994) (quoting Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). The Fourth Circuit has held that a Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations as true, it appears certain that the claimant cannot prove any set of facts in support of its claim entitling it to relief. Migdal v. Rowe Price-Fleming Intern., Inc., 248 F.3d 321, 325 (4th Cir. 2001).

Applying these basic precepts to the instant case, in a very close determination, the Court concludes that Plaintiff has sufficiently pled her claims against Defendant Asurion to survive this 12(b)(6) motion, insofar as Plaintiff does not simply allege that Asurion "sent" or "introduced" the cell phone in question into the stream of commerce, (ECF No. 1-1 at ¶¶ 6 and 9), but also that Asurion, along with the other two named defendants, "manufactured, assembled, *sold*, or distributed" the phone. (ECF No. 1-1 at ¶10). As to Defendant's alternative Motion for Summary Judgment, the Court concludes that although many of Asurion's broader legal arguments appear to have some merit

and may ultimately prevail on a subsequent, fuller summary judgment record, the Court is not prepared, at this very early stage of the litigation, without any discovery having taken place, and with the precise relationship among the Defendants not fully explored or known, to enter summary judgment in favor of Asurion.

**WHEREFORE**, in view of all of the foregoing, the Court hereby **DENIES** Defendant Asurion's Motion to Dismiss, (ECF No. 7), and **DENIES** without prejudice and with leave to re-file Defendant Asurion's alternative Motion for Summary Judgment. (ECF No. 7). The Clerk of Court is directed to enter a scheduling order in this case immediately upon the filing of an Answer by Defendant Asurion within 14 days of the date of entry of this Order, and to terminate as **MOOT** Plaintiff's Motion for Discovery. (ECF No. 20).

**IT IS SO ORDERED.**

                                             s/Mary G. Lewis
                                             United States District Judge

October 5, 2016
Columbia, South Carolina